**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| JARON BOWENS, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. _____ |
| | § | |
| GURWINDER SINGH and | § | |
| PREET BAJWA INC., | § | JURY TRIAL DEMANDED |
|     Defendants. | § | |

**<u>PLAINTIFF'S ORIGINAL COMPLAINT</u>**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff Jaron Bowens, by and through undersigned counsel, hereby files this Original Complaint against Defendants Gurwinder Singh and Preet Bajwa Inc., and for cause of action respectfully shows the Court as follows:

**I.**
**NATURE OF THE ACTION**

1. This is a civil action for damages arising from catastrophic and permanent personal injuries sustained by Plaintiff Jaron Bowens on March 5, 2025, in Harris County, Texas. Defendant Gurwinder Singh, while operating a commercial tractor-trailer owned and operated by Defendant Preet Bajwa Inc. in the course and scope of his employment or agency, ran a red traffic control signal and violently collided with another motor vehicle, which was then propelled directly into Plaintiff's vehicle. As a direct result of Defendants' negligence, Plaintiff suffered serious injuries to his neck and back, a traumatic brain injury, and permanent hearing loss

in his right ear. This action seeks full compensatory and exemplary damages for Defendants' negligence, gross negligence, negligent hiring, negligent training, negligent supervision, and negligent entrustment, and for the multiple violations of Federal Motor Carrier Safety Regulations that contributed to causing this catastrophic collision.

## II.
## JURISDICTION AND VENUE

2.  This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, and this action is between citizens of different states. Complete diversity of citizenship exists between Plaintiff, a citizen and resident of the State of Texas, and Defendants, who are citizens of the State of New Jersey.

3.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in Harris County, Texas, which lies within the Houston Division of the United States District Court for the Southern District of Texas. The collision at issue occurred at the intersection of Hunter Creek Village Drive and the I-10 Katy Freeway in Harris County, Texas.

## III.
## PARTIES

4.  Plaintiff Jaron Bowens is an individual and citizen of the State of Texas, residing at 15770 Bellaire Blvd, Apt. 1806, Houston, Texas 77083. At all times relevant herein, Plaintiff was lawfully and carefully operating his motor vehicle in Harris County, Texas.

5.  Defendant Gurwinder Singh is an individual who, upon information and belief, is a citizen of the State of New Jersey. At all times relevant to this lawsuit, Defendant Singh was operating the subject commercial tractor-trailer as an employee, agent, and/or statutory employee of Defendant Preet Bajwa Inc. and was acting within the course and scope of that employment or agency relationship. Defendant Singh may be served with process at 11704 101st, APT. 190096, South Richmond, NY 11419.

6.  Defendant Preet Bajwa Inc. is a corporation or business entity organized and existing under the laws of the State of New Jersey, with its principal place of business located in Lumberton, New Jersey. Preet Bajwa Inc. is a federally authorized motor carrier subject to the jurisdiction of the Federal Motor Carrier Safety Administration and engaged in interstate commercial trucking operations. At all material times herein, Preet Bajwa Inc. owned, controlled, and/or operated the commercial tractor-trailer driven by Defendant Singh. Defendant Preet Bajwa Inc. may be served with process through its registered agent, Gurwinder Singh and/or principal officer at 190 Rancocas Rd., Mount Holly, NJ 08060, its principal place of

business in Lumberton, New Jersey, and/or wherever such agent or officer may be found.

## IV.
## FACTUAL ALLEGATIONS

**A. Preet Bajwa Inc.'s Interstate Commercial Trucking Operation**

7.  At all times relevant to this lawsuit, Defendant Preet Bajwa Inc. was a federally authorized motor carrier operating commercial motor vehicles in interstate commerce under the regulatory authority of the Federal Motor Carrier Safety Administration and the United States Department of Transportation. As such, Preet Bajwa Inc. was required to comply with all applicable Federal Motor Carrier Safety Regulations codified at 49 C.F.R. Parts 300 through 399, as well as all applicable Texas statutes and regulations governing the operation of commercial motor vehicles on public highways.

8.  As a federally regulated motor carrier, Defendant Preet Bajwa Inc. owed non-delegable duties to the motoring public, including Plaintiff, with respect to the safe operation of its commercial motor vehicles and the proper hiring, qualifying, training, supervising, and monitoring of the drivers it placed behind the wheel of those vehicles on public roads.

9.  At all relevant times, Defendant Preet Bajwa Inc. owned, leased, and/or controlled the commercial tractor-trailer operated by Defendant Singh on the date of the collision. Preet Bajwa Inc. bore full legal and regulatory responsibility for

ensuring that the subject vehicle was maintained in a safe and roadworthy condition and that its driver was properly qualified, trained, and supervised.

**B.  The March 5, 2025 Collision**

10. On Wednesday, March 5, 2025, at approximately 9:48 a.m., Plaintiff Jaron Bowens was operating his motor vehicle in a lawful, careful, and prudent manner, traveling through the intersection at Hunter Creek Village Drive and the I-10 Katy Freeway in Harris County, Texas.

11. At the same time and place, Defendant Gurwinder Singh was operating a commercial tractor-trailer belonging to and operated by Defendant Preet Bajwa Inc. Defendant Singh was acting within the course and scope of his employment or agency with Preet Bajwa Inc. at the time of the collision.

12. Without warning, and in direct violation of a red traffic control signal governing his lane of travel, Defendant Singh negligently drove the commercial tractor-trailer through the red light and into the intersection, where he violently collided with another motor vehicle. The force of that initial collision propelled the struck vehicle directly into Plaintiff Bowens' motor vehicle, subjecting Plaintiff to violent and catastrophic physical forces.

13. The collision was so severe that Plaintiff's vehicle sustained massive structural damage, including major passenger-side deformation, destruction of the windshield, and catastrophic damage to the passenger-side structural components. The force of

the multiple impacts was of sufficient magnitude to cause the grave injuries described herein.

14. The crash was investigated and documented by the Memorial Village Police Department under Report No. 25-0138, and a certified Texas Peace Officer's Crash Report was prepared and filed with the Texas Department of Transportation. The investigation confirmed that three motor vehicles were involved in the collision.

15. At all material times, Plaintiff was operating his vehicle in full compliance with all applicable traffic laws and bore no fault or responsibility for the collision. The collision was caused solely and proximately by the negligence of Defendants as described herein.

## C.  Plaintiff's Catastrophic Injuries

16. As a direct and proximate result of the collision and Defendants' negligence, Plaintiff Jaron Bowens sustained severe, permanent, and life-altering injuries, including but not limited to: serious injuries to his neck and back; a traumatic brain injury with ongoing neurological and cognitive sequelae; and permanent hearing loss in his right ear.

17. Plaintiff's neck and back injuries have caused and continue to cause him severe and debilitating pain, neurological deficits, muscle weakness, and significant restrictions on his ability to perform the activities of daily life, work-related functions, and the recreational and household activities he previously enjoyed.

18. Plaintiff's traumatic brain injury has caused and continues to cause cognitive impairment, including difficulties with memory, concentration, and information processing; persistent headaches; sleep disturbances; emotional dysregulation; and other neurological symptoms that have substantially and adversely affected every domain of Plaintiff's daily life.

19. Plaintiff has suffered permanent hearing loss in his right ear as a result of this collision. This devastating injury has profoundly impaired Plaintiff's ability to communicate effectively, to function safely in his employment and daily environment, to enjoy his relationships with family and friends, and to participate in the activities of normal daily life.

20. Plaintiff received initial emergency treatment at a hospital following the collision and has continued to require ongoing medical care, treatment, and rehabilitation for his neck and back injuries, traumatic brain injury, and hearing loss. Plaintiff's need for medical care is reasonably expected to continue for the remainder of his natural life.

21. All of Plaintiff's injuries were caused by the collision described herein and are the direct and proximate result of Defendants' negligent acts and omissions. None of Plaintiff's injuries preexisted this collision in a symptomatic fashion.

## V.
## CAUSES OF ACTION
## COUNT I NEGLIGENCE OF DEFENDANT GURWINDER SINGH

22. Plaintiff incorporates by reference all factual allegations set forth in paragraphs 1 through 21 above as if fully set forth herein.

23. At all relevant times, Defendant Gurwinder Singh owed Plaintiff and all members of the motoring public a duty to operate the subject commercial tractor-trailer in a safe and prudent manner, to obey all applicable traffic control signals and laws, to maintain a proper lookout for other vehicles and persons in and near the roadway, to maintain proper control of his commercial motor vehicle, and to comply with all applicable Federal Motor Carrier Safety Regulations governing the operation of commercial motor vehicles.

24. Defendant Singh breached his duty of care owed to Plaintiff in one or more of the following respects, each of which, singularly or in combination with the others, constituted negligence and a proximate cause of the collision and the injuries and damages sustained by Plaintiff: in operating his commercial tractor-trailer through a red traffic control signal in violation of Texas Transportation Code § 544.007 and 49 C.F.R. § 392.2; in failing to maintain a proper lookout for other vehicles lawfully occupying or entering the intersection; in failing to yield the right-of-way to Plaintiff and other vehicles lawfully proceeding through the intersection on a green signal; in failing to maintain proper control of the commercial motor vehicle; in failing to timely and properly apply the vehicle's brakes to avoid the collision; in operating the commercial motor vehicle in an unsafe and reckless manner given the conditions

then existing; in failing to comply with 49 C.F.R. § 392.2, which requires operators of commercial motor vehicles to obey all applicable laws of the jurisdiction in which they are operating; and in otherwise failing to exercise the degree of care and prudence that a reasonable and competent commercial motor vehicle operator would have exercised under the same or similar circumstances.

25. Each of the foregoing acts and omissions of Defendant Singh, singularly or in combination, was a proximate cause of the collision and of the severe injuries and substantial damages sustained by Plaintiff.

### COUNT II NEGLIGENCE OF DEFENDANT PREET BAJWA INC.
### (Respondeat Superior and Direct Negligence)

26. Plaintiff incorporates by reference all factual allegations set forth in paragraphs 1 through 25 above as if fully set forth herein.

27. At all relevant times, Defendant Singh was an employee, agent, and/or statutory employee of Defendant Preet Bajwa Inc. and was acting within the course and scope of that employment or agency at the time of the collision. Accordingly, Defendant Preet Bajwa Inc. is vicariously liable for the negligence of Defendant Singh under the doctrine of respondeat superior.

28. In addition to its vicarious liability, Defendant Preet Bajwa Inc. was independently and directly negligent in one or more of the following respects, each of which, singularly or in combination, constituted negligence and a proximate cause of the collision and the injuries and damages sustained by Plaintiff: in negligently

hiring Defendant Singh as a commercial driver without conducting adequate pre-employment investigation, background checks, and verification of his qualifications and driving safety record as required by 49 C.F.R. Part 391; in negligently retaining Defendant Singh as a commercial driver when Preet Bajwa Inc. knew or should have known, through the exercise of reasonable oversight, of deficiencies in his performance or safety compliance; in negligently training Defendant Singh by failing to provide adequate instruction in safe commercial vehicle operation, obedience to traffic control devices, and compliance with all applicable FMCSRs; in negligently supervising Defendant Singh by failing to monitor his on-road performance, compliance with federal safety regulations, and adherence to applicable safety standards; in negligently entrusting the subject commercial motor vehicle to Defendant Singh when Preet Bajwa Inc. knew or, in the exercise of reasonable care, should have known that Singh was unfit, incompetent, or otherwise unable to safely operate the vehicle on public roadways; in failing to establish, implement, and enforce adequate written safety policies and procedures governing the operation of its commercial motor vehicles in compliance with applicable FMCSRs; in failing to ensure that the subject commercial motor vehicle was properly inspected, maintained, and equipped in compliance with 49 C.F.R. Part 396; and in otherwise failing to exercise the degree of care that a reasonable motor

carrier in interstate commerce would have exercised under the same or similar circumstances.

29. Each of the foregoing acts and omissions of Defendant Preet Bajwa Inc., singularly or in combination, was a proximate cause of the collision and of the severe injuries and substantial damages sustained by Plaintiff.

## COUNT III GROSS NEGLIGENCE

30. Plaintiff incorporates by reference all factual allegations set forth in paragraphs 1 through 29 above as if fully set forth herein.

31. The conduct of Defendant Gurwinder Singh constitutes gross negligence under Texas Civil Practice and Remedies Code § 41.001(11) in that his conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, including Plaintiff. Defendant Singh had actual, subjective awareness of the extreme risk created by operating a fully loaded commercial tractor-trailer — a vehicle weighing up to 80,000 pounds — through a red traffic control signal at a busy intersection during morning hours, yet he proceeded with conscious indifference to the rights, safety, and welfare of the motoring public. No act more clearly illustrates a conscious indifference to human life than disregarding a red traffic signal while operating a commercial 18-wheeler.

32. The conduct of Defendant Preet Bajwa Inc. also constitutes gross negligence in that Preet Bajwa Inc. placed or permitted an inadequately screened, trained, or

supervised commercial driver to operate a heavy commercial tractor-trailer on public highways with actual or constructive awareness that doing so created an extreme degree of risk of harm to others. Preet Bajwa Inc.'s failures in hiring, training, supervision, and entrustment, as described herein, reflect a pattern of conduct demonstrating conscious indifference to the safety and welfare of the general public, including Plaintiff.

33. The gross negligence of Defendants was a proximate cause of Plaintiff's injuries and damages, and such conduct justifies the imposition of exemplary damages against Defendants in an amount sufficient to punish them and to deter similar conduct in the future, pursuant to Texas Civil Practice and Remedies Code § 41.003.

## COUNT IV NEGLIGENT ENTRUSTMENT

34. Plaintiff incorporates by reference all factual allegations set forth in paragraphs 1 through 33 above as if fully set forth herein.

35. Defendant Preet Bajwa Inc., as the owner and/or operator of the subject commercial tractor-trailer, entrusted the vehicle to Defendant Singh for use on public roadways. Defendant Singh was an incompetent or reckless driver at the time of the entrustment in that he lacked the necessary skill, training, judgment, or adherence to applicable safety regulations required to safely operate a commercial motor vehicle. Defendant Preet Bajwa Inc. knew, or in the exercise of reasonable care should have known, of Singh's incompetence or unfitness to safely operate the vehicle at the time

it was entrusted to him. Such negligent entrustment was a proximate cause of the collision and the injuries and damages sustained by Plaintiff.

## VI.
## VIOLATIONS OF FEDERAL MOTOR CARRIER SAFETY REGULATIONS

36. Plaintiff incorporates by reference all factual allegations set forth in paragraphs 1 through 35 above as if fully set forth herein.

37. Defendants' conduct, as described herein, constituted violations of multiple Federal Motor Carrier Safety Regulations, including but not limited to: 49 C.F.R. § 390.3(e)(1) and (2), imposing responsibility on motor carriers and drivers to comply with all applicable FMCSRs; 49 C.F.R. § 391.11, establishing minimum qualifications for commercial motor vehicle drivers; 49 C.F.R. § 391.23, requiring pre-employment investigations and inquiries regarding driver qualifications; 49 C.F.R. § 391.25, requiring annual review of driving records; 49 C.F.R. § 392.2, requiring compliance with all applicable traffic laws; 49 C.F.R. Part 395, governing hours of service to prevent fatigued driving; and 49 C.F.R. Part 396, requiring systematic inspection, repair, and maintenance of commercial motor vehicles. Defendants' violations of these regulations constitute negligence per se under applicable law.

## VII.
## DAMAGES

38. Plaintiff incorporates by reference all factual allegations set forth in paragraphs 1 through 37 above as if fully set forth herein.

39. As a direct and proximate result of Defendants' negligence, gross negligence, negligent entrustment, and the collision described herein, Plaintiff Jaron Bowens has suffered, and will continue to suffer for the remainder of his life, substantial and permanent damages.

40. Plaintiff's damages include, without limitation: reasonable and necessary past medical expenses already incurred for the treatment of his injuries; the cost of future medical care, treatment, surgery, therapy, rehabilitation, and related expenses required for the remainder of Plaintiff's natural life as a result of his neck and back injuries, traumatic brain injury, and permanent hearing loss; past physical pain and suffering endured from the date of the collision to the time of trial; future physical pain and suffering that Plaintiff will endure for the remainder of his life; past mental anguish, including the emotional distress, fear, anxiety, grief, and psychological suffering caused by his injuries and their permanent consequences; future mental anguish that Plaintiff will suffer for the remainder of his life as a result of living with permanent disabilities, hearing loss, chronic pain, and cognitive impairment; past physical impairment, including the loss of physical capacity and ability to perform work, household activities, and recreational activities that Plaintiff previously enjoyed; future physical impairment, as Plaintiff will suffer permanent restrictions

on his physical capabilities for the balance of his natural life; past loss of earnings from the date of the collision to the time of trial; future loss of earning capacity, representing the diminution of Plaintiff's ability to earn income over the balance of his working life due to his permanent injuries; permanent disfigurement as a result of his injuries; and loss of enjoyment of life, reflecting the diminished quality and richness of Plaintiff's life resulting from his permanent physical disabilities and impairments.

41. In addition to his actual and compensatory damages, Plaintiff is entitled to recover exemplary damages from both Defendants for their gross negligence and conscious indifference to the rights, safety, and welfare of Plaintiff and the general public, in an amount to be determined by the jury.

42. The total amount of Plaintiff's damages, exclusive of interest and costs, substantially exceeds the minimum jurisdictional threshold of this Court.

## VIII.
## JURY DEMAND

43. Pursuant to Federal Rule of Civil Procedure 38(b) and the Seventh Amendment to the United States Constitution, Plaintiff Jaron Bowens hereby demands a trial by jury on all issues triable of right by jury in this action.

## IX.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jaron Bowens respectfully prays that Defendants Gurwinder Singh and Preet Bajwa Inc. be duly cited to appear and answer herein, that this cause be set for trial before a jury, and that upon final hearing, Plaintiff have and recover judgment against Defendants, jointly and severally, as follows:

a.  That Plaintiff recover all actual and compensatory damages in an amount within the jurisdictional limits of this Court to be determined by the jury, including past and future medical expenses, past and future physical pain and suffering, past and future mental anguish, past and future physical impairment, past and future loss of earnings and earning capacity, permanent disfigurement, and loss of enjoyment of life;

b.  That Plaintiff recover exemplary damages from both Defendants for their gross negligence and conscious indifference to the safety and welfare of Plaintiff and the public;

c.  That Plaintiff recover pre-judgment and post-judgment interest at the highest rate permitted by applicable law;

d.  That Plaintiff recover all costs of court; and

e.  That Plaintiff be awarded such other and further relief, both general and special, at law and in equity, to which Plaintiff may show himself justly entitled.

*(Signature to follow on next page)*

Respectfully submitted,

**ATTORNEY BRIAN WHITE & ASSOCIATES. P.C.**

By: */s/**Jeffrey R. Vaughan***
Jeffrey R. Vaughan
Federal ID No.: 27623
State Bar No.: 24013676
Jeff@attorneybrianwhite.com
Ryder Haag
Federal ID No.: 3895881
State Bar No.: 24124674
Ryder@attorneybrianwhite.com
3120 Southwest Fwy Suite 350
Houston, Texas 77098
Telephone – (713) 500-5000
Facsimile – (713) 500-5555
E-Service: Litigation@AttorneyBrianWhite.com

**ATTORNEYS FOR PLAINTIFF**